The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Please be seated. Good morning, Your Honors. May it please the Court, Eric Lepo for MCM Management Corporation, the Appellant. I do have to address preliminarily that we acknowledge that this dispute between MCM and ARCO is at a different place than it was at the time of the briefing, has been raised in motions to dismiss. MCM has been able to pursue... Who are you representing? Sorry, MCM Management Corporation. That's what I thought. Why are you here? What? I mean, the arbitrator has dismissed your counterclaims. You wanted arbitration. You got the arbitration. The problem is you didn't win in the arbitration because the arbitrator granted summary judgment to ARCO on your counterclaims. They've been dismissed. Why are you here? Yes, Your Honor. I don't understand it. I mean, you got what you wanted and you lost. I understand where you're coming from, Your Honor. There's two prongs of this appeal, though, and as I was going to say, we understand that in terms of the first prong, seeking to pursue our counterclaims in arbitration, that occurred. The arbitrator at AAA allowed us to pursue them. There was dispositive motions there. But that doesn't change the fact that there is reversible error in what was done at the district court level in terms of summary judgment on the statute of limitations issue, and that remains. And as I indicated... You mean the denial of summary judgment? Yes, Your Honor, the denial of our summary judgment at the trial stage. Do we typically hear those kind of cases outside of qualified immunity? Get denied summary judgment? Don't we call those things interlocutory? Well, I don't believe it was interlocutory. I think that the appropriate thing was to pursue it after there was a final order. There was not a final order until October 4, 2024. That's when the court dismissed the case in favor of the arbitration. And because it was dismissed as opposed to staying... Just to clarify, so your position was that this case belongs in arbitration? Yes, Your Honor. And it got sent to arbitration? Yes, Your Honor. Where this claim that we're talking about right now is being litigated? That is correct, Your Honor. So your position is that the arbitrator has jurisdiction over this claim? Yes. So we don't? Well, I don't believe that's true, Your Honor. How can that be? Because in terms of where we stood when the matter was dismissed, it was dismissed as opposed to stayed. So we had one opportunity to pursue an appeal. The time began to run then. So that is the action that we took. We filed the appeal, noted the appeal. We asked the arbitrator to stay the arbitration because issues in this appeal could affect what would happen there. The arbitrator declined to do so. Suppose we disagree with you on the statute of limitations. Suppose, arguendo, and that's a big arguendo, that we agreed with you on the statute of limitations point. What does that open up? Well, Your Honor, I believe that it's potentially problematic because you could have a ruling here in the court while the arbitration is ongoing. But the arbitrator has been provided with the district court rulings in terms of support of ARCO's position on the summary judgment there. So I think it's important to... I don't see any indication that the district court rulings were what, on the statute of limitations ground, swayed the arbitrator. I thought that the arbitrator found your claim. You wanted arbitration. You advanced your claims in arbitration. They were the same claims that you had advanced here, the counterclaims that you had advanced here. The arbitrator dismissed your claims. It granted summary judgment to the other party. Now, why are you here? Your Honor, as I stated, I wouldn't... There's nothing left to this case, and even if we agreed with you on your statute of limitations case, what would follow from that? Well, and I think it's important to note... I'd add that the statute of limitations claim did not seem to me to be close to meritorious. Well, I believe it is, Your Honor. With regard to... Well, what difference does it make? What difference does it make? I believe that... You already lost. Because it was... Oh, do you mean the arbitrator's dispositive? I mean, yes. I mean, you wanted arbitration. Yes, Your Honor. You asked for arbitration. You got arbitration. You lost. And then you say, well, the statute of limitations claim is still alive. I'm dubious about that because every little disagreement or glitch in the course of contractual performance is not a breach. And so it doesn't set the statute of limitations in motion. If it did, people would be jumping into court at the drop of a hat. But most... In the course of contractual performance, parties sometimes have disagreements, and they work through those disagreements, either through a modification of the contract or through some sort of forbearance. But that doesn't mean that every little glitch in performance is a breach. It doesn't. But even assuming that there's some merit to that argument, you wanted... You got what you wanted. You lost. You're making the same arguments before us that you made before the arbitrator and that you made in the previous appeal. Why are you here? Yeah, Your Honor, I appreciate what you're saying in terms of how the statute of limitations appears to you. But what the issue is is when the trial court ruled at summary judgment, they didn't evaluate the record evidence. They looked back at the motion to dismiss memorandum opinion and said, hey, this has already been addressed. What difference does it make? Well, the reason it makes a difference is because there was testimony at deposition where Mr. Lemons, who had been ARCO's vice president, said, we knew shortly after May 26, 2017 is the completion date in this change order. That's the date everybody knows. It says it's the completion date in parentheses. He says, so we shortly knew after that they were on-site working but were in breach and did not finish their obligations. So when Judge Hollander was originally ruling on this, she was taking the allegations of the complaint as true, as you can see it, Joint Appendix 144. And the statement that ARCO continues to rely on when it says the settlement agreement does not provide that a failure of MCM to perform, that date would constitute a breach of contract. That's sandwiched in between statements where she's saying that she's taking the allegations as true and at this juncture the court must accept all the factual allegations. So I don't believe that's her holding so much as she's indicating at this time when potentially applying the discovery rule, there's not a basis to dismiss. If the arbitration, this had proceeded to arbitration from the outset, would the question of statute of limitations be before the arbitrator or is that something you bring to the district court? No, yes, Your Honor. It would be before the arbitrator if the thing went. And again, the procedural. So why wouldn't this question, since the matter is now with the arbitrator, it's created this interesting little dynamic because you didn't have the immediate decision of arbitration and it's made afterwards. But why wouldn't we just say, well, that's the arbitrator. Let the arbitrator make that. Because it's just a denial of summary judgment. Doesn't mean he couldn't get it. Doesn't mean he couldn't find it. Can't you litigate that before the arbitrator? Absolutely. And, Your Honor, we intend to do so. The issue is. Haven't you already litigated this in front of the arbitrator? I mean, the arbitrator has decided this. Only in terms of, as the judge was saying, only in terms of a dispositive motion. So, but what do you want us to do? You, your position is this belongs in arbitration, right? Yes, Your Honor. So why are you here? We're not arbitrators. I understand. And I understand the procedural history is very turned around. But essentially. In other words, what are you going to get if we say yes? I don't understand it. Seems like it's a decision the arbitrator has to make. It's in arbitration. But you want us to rule on something the district court did, but it's now with the arbitrator. Yeah, because at the time that the case was dismissed, that was our only opportunity to seek judicial review of the decision. You've just already, your position is you're not entitled to judicial review. Your position is that this belongs in arbitration. Yes, but from the outset, that was pushed back on by ARCA. That is the reason that so much litigation occurred and so much briefing had to take place in the district court. Right, and a lot happened and now you've gotten your way. It's in arbitration. The arbitrator is ruling on it, right? Yes, Your Honor. What could our court possibly do? I believe you could find a reversible error in the decision that was made. But this belongs in arbitration. We don't have jurisdiction over that, do we? I believe you do because of the timing of when the motion to compel arbitration was granted. But why would we rule when the arbitrator has this question and has already expressed an opinion? That's a good question, Your Honor. All right, thank you. We hope you're tilting your windmills and we really don't need to keep on. I appreciate it, Your Honor. Thank you. Counsel, you've heard the court's questions. Do you have anything that you wish to add? I have, Your Honor. Good morning and may it please the court. My name is Eli Robbins. I represent the plaintiff in the underlying case, ARCO National Construction. I agree with everything the court has said. We shouldn't be here. If the court has any questions, I'd be happy to answer them. Otherwise, I'll sit down. Thank you. Thank you, Your Honor. We'll come down and re-counsel and proceed into our final case.
judges: J. Harvie Wilkinson III, James Andrew Wynn, Allison J. Rushing